UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD PRESTON BLACKWELL,                Case No. 24-CV-2719 (PJS/TNL)

                    Plaintiff,

v.                                                        ORDER

CITY OF RICHFIELD DOES; RICHFIELD
POLICE DEPARTMENT DOES;
COUNTY OF HENNEPIN; UNKNOWN
DOES; HENNEPIN COUNTY MEDICAL
CENTER; HENNEPIN HEALTHCARE
SYSTEM, INC; and UNKNOWN DOES,
in their official and individual capacities;

                    Defendants.

_____

       In July 2018, Richfield police officers transported plaintiff Richard Preston

Blackwell to the Hennepin County Medical Center ("HCMC") where he was allegedly

restrained and administered sedatives and neuroleptic medication without his consent.

[ECF No. 1].  This lawsuit followed.  Blackwell has not paid the filing fee.  Instead, he

asks to proceed *in forma pauperis* ("IFP").  [ECF No. 2].  Blackwell's complaint and IFP

application are therefore before the Court for preservice review pursuant to 28

U.S.C. § 1915(e)(2).  Based on that review, the Court dismisses all of Blackwell's

claims—the federal claims with prejudice and the state-law claims without.  Blackwell's

IFP application, [ECF No. 2], is denied as moot.

## I.  BACKGROUND

Blackwell alleges the following:

On July 21, 2018, Blackwell was sitting in his car with a towel on his head when unnamed Richfield police officers approached him.  Even though Blackwell told the officers that he had recently been sexually assaulted, the officers did not write a report or investigate his sexual assault.  Instead, they continued to ask him questions about why he was sitting in a parked car with a towel on his head.  Eventually, the officers left.

Later the next day (July 22, 2018), Blackwell called 911 to report theft, property damage, and stalking.  He told the 911 operator that he would be waiting for the police at the intersection of Clinton Avenue and 67th Street—the same location where he had encountered the police the day before.  When unnamed Richfield police officers arrived, Blackwell told them that the same people who had sexually assaulted him had broken into his car and were stalking him.  Rather than investigate his reports, an unnamed Richfield police officer asked Blackwell if she could place him in handcuffs and put him in her squad car.  During this time, additional unidentified Richfield police officers arrived, and they began to search Blackwell's vehicle without his permission.

Eventually, Blackwell was transported to HCMC, where unnamed medical professionals restrained him and administered sedatives and neuroleptic medications over his objection. When Blackwell awoke, he was discharged from the hospital even though he was still under the influence of the medications. Blackwell lost consciousness while riding on the light rail, and later, when he tried to sleep, he slept for 24 hours.

Blackwell asserts federal causes of action under 42 U.S.C. §§ 1981, 1983, and 1988, as well as violations of Minnesota state law.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. Pro se complaints are to be construed liberally, but

they must nevertheless allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. ANALYSIS

Blackwell asserts causes of action under both federal and state law. The Court will address each claim in turn, beginning with the federal claims.

#### A. 42 U.S.C. § 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch*, 454 F.3d 914, 918 (8th Cir. 2006). "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Individual-capacity and official-capacity claims differ in their pleading requirements, in the defenses available to the defendants, and in the potential relief available to the plaintiffs. *See Hafer v. Melo*, 502 U.S. 21, 25-27 (1991). Here, each defendant is named in that person's individual capacity and in that person's official capacity as an agent of the entity for which he or she worked (either the City of Richfield or Hennepin County).

Turning first to Blackwell's individual-capacity claims: "Suits against officials in their individual capacity seek to impose personal liability upon a government official for actions he takes under color of state law." *Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). To establish liability

4

against officials in their individual capacity, "the plaintiff must show that the official, acting under color of state law, caused a deprivation of a federal right." *Id.* Put another way, it is not enough for a plaintiff seeking relief from a defendant in the defendant's individual capacity to allege that his rights were violated *by someone*; the plaintiff must instead allege that his rights were violated *by the particular defendant*.

Blackwell does not identify a single individual defendant by name. Instead, he refers to the individual defendants as "City of Richfield Does," "Richfield Police Department Does," and "Unknown Does." [ECF No. 1]. Presumably, Blackwell anticipates that he will discover the names of these individuals later in the litigation. The problem with this approach, however, is that the statute of limitations for asserting a § 1983 action in Minnesota is six years, *see Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 n.3 (8th Cir. 1995), and the events at issue here occurred on July 21–22, 2018. Blackwell filed his complaint on July 16, 2024. This means that a request by Blackwell to amend his complaint to identify the as-of-yet unnamed defendants would be denied as futile unless the amendment dated back to the original filing of the complaint.

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Pursuant to Rule 15(a), courts "should freely give leave [to amend] when justice so requires." The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *See, e.g., Niagara of Wisc. Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). Amendment

5

of a pleading "should be allowed liberally to ensure that a case is decided on its merits, [but] there is no absolute right to amend." *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650-51 (8th Cir. 1996) (citation omitted). Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (citation and quotation marks omitted).

As noted above, the statute of limitations on Blackwell's § 1983 claim expired within days of Blackwell's filing his complaint, and thus a proposed amendment to that complaint would be futile unless the amendment would relate back to the complaint's filing. Unfortunately for Blackwell, the United States Court of Appeals for the Eighth Circuit has held that a plaintiff's lack of knowledge of the identity of an unnamed defendant does not provide grounds for a proposed amendment that identifies the defendant to relate back to the filing date of the original complaint. *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 578-81 (8th Cir. 2017). Thus, Blackwell's individual-capacity claims against the "City of Richfield Does," "Richfield Police Department Does," and "Unknown Does" must be dismissed as futile.

This leaves Blackwell's official-capacity claims. "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citation and quotation marks omitted). In this case, the City of Richfield Does and Richfield Police Department Does are agents of the City of Richfield, and the "Unknown Does" are presumably agents of Hennepin County.[1]

A political subdivision (such as the City of Richfield or Hennepin County) "may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Rather, "[a] political subdivision may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id.* "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A "custom" is a "continuing, widespread, persistent pattern of unconstitutional

---

[1] The case caption twice identifies "Unknown Does" as defendants to this action but does not identify their employer. [ECF No. 1]. However, the "parties" section of the complaint explains that "John Does is [sic] a staff member at Hennepin County Medical Center." [ECF No. 1]. It therefore appears that the "Unknown Does" identified as defendants in the case caption are employees of Hennepin County. Ultimately, however, whether the "Unknown Does" are agents of the City of Richfield, Hennepin County, or some other public entity, Blackwell has failed to plead a plausible official-capacity claim against them.

conduct" of which officials have notice but respond with tacit acceptance or deliberate indifference.  *Id.*

In this case, setting aside the question of whether Blackwell has adequately pleaded a constitutional violation, Blackwell fails to plead any facts establishing that the unnamed Richfield police officers acted pursuant to some official Richfield policy or unofficial custom during the events at issue.  Similarly, Blackwell fails to plead any facts establishing that HCMC staff acted pursuant to some official policy or unofficial custom in restraining him and then administering sedatives and neuroleptic medication over his objection.  Blackwell's official-capacity claims are therefore dismissed.

### B.  *Remaining Federal Claims*

Blackwell also cites 42 U.S.C. §§ 1981 and 1988, but does not actually assert any claims under these provisions.  If Blackwell intended to assert such claims, he was not successful.

Section 1981 has two provisions:  First, § 1981 provides that all persons "shall have the same right . . . to make and enforce contracts, to sue, be parties, [and] give evidence."  Second, § 1981 provides that all persons shall have the right "to the full and equal benefit of all laws."  The right to "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C.

§ 1981(b).  Section 1981, however, "does not provide a general cause of action for race discrimination."  *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001).

Here, nothing in Blackwell's complaint implicates § 1981's "make and enforce contracts" clause.  Blackwell asserts no facts suggesting that anything the John Doe defendants did (or failed to do) interfered with his ability to enter into or enforce contracts.  Further, to the extent that Blackwell claims that the John Doe defendants interfered with his right to "the full and equal benefit of all laws" in violation of § 1981, his claim fails for the same reason as his individual-capacity claims under § 1983: Blackwell has not identified a single John Doe defendant, and any motion to amend his complaint to do so would be denied as futile.

As for any potential claims under § 1988, that provision does not provide an independent private right of action.  Instead, it "is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights." *Moor v. Alameda Cnty.*, 411 U.S. 693, 702 (1973).  As Blackwell has failed to plead a viable federal civil-rights claim, he cannot seek any remedy under § 1988.

C.  *State-Law Claims*

This leaves Blackwell's state-law claims.  Because Blackwell has failed to plead a viable federal claim, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.  All federal claims in plaintiff's complaint [ECF No. 1] are DISMISSED WITH

    PREJUDICE.

2.  Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental

    jurisdiction over plaintiff's state-law claims, and those claims are DISMISSED

    WITHOUT PREJUDICE.

3.  Plaintiff's IFP Application, [ECF No. 2], is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 29, 2024

_____
Patrick J. Schiltz, Chief Judge
United States District Court